WIDMAN, COONEY & WILSON
Attorneys for Defendant
1803 Highway 35
Oakhurst, New Jersey 07755
(732) 531-4141

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARKEL AMERICAN INSURANCE
COMPANY

       Plaintiff,

vs.

       CASE NO.

ANTHONY GARRONE and
BEATRICE GARRONE

       Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance.

2. Venue lies within the District of New Jersey as this cause arises out of a policy of marine insurance delivered by Plaintiff to the insured named therein, the Defendant, ANTHONY GARRONE and BEATRICE GARRONE, residing at 84 Corabelle Avenue, Lodi, New Jersey 07644.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff MARKEL AMERICAN INSURANCE COMPANY, (hereinafter "MARKEL") is a corporation organized and existing under the laws of the State of Illinois, having its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

5. Upon information and belief, the Defendant, ANTHONY GARRONE is a United States citizen and a resident of New Jersey.

6. Upon information and belief, the Defendant, BEATRICE GARRONE is a United States citizen and a resident of New Jersey.

## FACUTAL ALLEGATIONS

7. On or about August 30, 2006, Plaintiff "MARKEL" agreed to issue to the Defendant ANTHONY GARRONE and BEATRICE GARRONE in exchange for good and valuable consideration consisting of payment of a premium, a policy of marine insurance. The said policy of marine insurance afforded Hull & Machinery coverage in the amount

of $25,000.00 for the 1989 25 foot Cougar Tunnel power vessel which was owned by the said Defendant.

8. A true and correct copy of the Declarations Page and policy language for Plaintiff's Policy No. RW2032299 is attached hereto as Exhibit A.

9. On or about October 9, 2006, Plaintiff mailed a Cancellation Notice to the Defendants notifying the Defendants of the fact that Policy No. RW2032299 would be cancelled effective October 24, 2006 due to the said Defendants' failure to make payment of the agreed upon premium(s) constituting the consideration in exchange for which the Plaintiff had agreed to issue the policy of marine insurance.

10. On or about October 29, 2006 an incident occurred involving the 1989 25 ft. Cougar Tunnel power vessel for which the Defendants have presented to the Plaintiff a claim alleging that coverage exists under the terms of Policy No. RW2032299.

11. On or about November 10, 2006, Plaintiff issued a letter to the Defendants advising that Policy No. RW2032299 had been cancelled effective October 24, 2006 for non-payment of the required premium.

12. A true and correct copy of Plaintiff's said letter dated November 10, 2006 is attached hereto as Exhibit "B".

13. On or about November 20, 2006, Plaintiff issued a letter to the Defendants advising that their claim for any loss or damage to the 1989 25 ft Cougar Tunnel vessel had been declined due to cancellation of the policy prior to the date of the alleged incident.

14. A true and correct copy of Plaintiff's letter dated November 20, 2006 is attached hereto as Exhibit "C."

15. On or about November 27, 2006, the Defendants through legal counsel have demanded arbitration of the alleged dispute with regard to any coverage afforded under the terms of Plaintiff's Policy No. RW2032299.

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 7 through 15 as if set froth fully herein.

17. As stated herein, it is Plaintiff's position that Policy No. RW2032299 was effectively cancelled prior to the date upon which the Defendants allege that the vessel insured thereunder sustained any damage for which the policy might afford coverage.

18. Notwithstanding the fact that Plaintiff effectively cancelled the policy on or about October 24, 2006 and that accordingly no policy of marine insurance was in effect on the October 29, 2006 date of loss, the Defendants have demanded arbitration as if coverage existed and as if a policy of marine insurance was in full force and effect. The Defendants have continued to make demand upon the Plaintiff for indemnification, and also continue to demand arbitration under the terms of the policy of marine insurance seeking the full $25,000.00 amount of the coverage afforded for loss or damage sustained by the 1989 25 ft Cougar Tunnel vessel.

19. As a result of the Defendants' demands for payment and for arbitration as if a policy were in full force and effect, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the lack of any coverage and the lack of any obligation to submit to arbitration. Until such time as Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the alleged policy of marine insurance.

20. As a result of the Defendants' demands for payment and for arbitration under the terms of a policy of marine insurance that was effectively cancelled, a real and justiciable issue exists with respect to the existence of valuable rights under the terns of a policy of marine insurance, and a *bona fide,* actual and present dispute exists calling for this Court's declaratory judgment.

WHEREFORE, Plaintiff demands Judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and these Defendants with respect to the incident which took place on October 29, 2006 as described herein;

(B) Declaring that Plaintiff's Policy No. RW2033399 does not afford Hull & Machinery Coverage to any of the Defendants named herein for the incident which took place on October 29, 2006 as described herein;

(C) Declaring that Plaintiff's Policy o. RW2032299 was effectively cancelled prior to the incident of October 29, 206, as described herein;

(D) Declaring that Plaintiff is not bound nor obligated to proceed to any arbitration or alternative means of resolution of the coverage dispute as described herein;

(E) Any and all such other and further relief as the Court may proper and appropriate in the premises.

Dated: January 23, 2007

        WIDMAN, COONEY & WILSON
        Attorneys for Plaintiff
        1803 Highway 35
        Oakhurst, New Jersey 07755
        Tel (732) 531-41411
        Fax (732) 531-7773


        By:  /s/ JOSEPH K. COONEY
             JOSEPH K. COONEY, ESQ.


        GOLDMAN & HELLMAN
        Attorneys for Plaintiff
        800 S.E. 3rd Avenue, 4th Floor
        Fort Lauderdale, FL 33316
        (954) 356-0460